

**3**
Curt F. Hennecke, Bar No. 217109
**Hennecke Legal Group**
2601 Blanding Avenue, #C102
Alameda, California 94501
(510) 986-1455 Telephone
(510) 986-1764 Facsimile

Attorneys for Debtor,
TRINETTE KATHLEEN NASTOR

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>**TRINETTE KATHLEEN NASTOR,**<br><br>Debtor(s). | Case No: 11-48834-A-7<br><br>Chapter 7<br><br>**DCN: CFH-1**<br><br>Date: January 30, 2012<br>Time: 10:00 a.m.<br>Place: 501 "I" St., 7th Fl., Ctrm. 28<br>Sacramento, CA |

### MOTION TO COMPEL CHAPTER 7 TRUSTEE TO ABANDON PROPERTY OF THE ESTATE

TO THE HONORABLE MICHAEL S. McMANUS, KIMBERLY J. HUSTED/ CHAPTER 7 TRUSTEE, AND ALL OTHER PARTIES IN INTEREST:

NOW COMES The Debtor herein, TRINETTE KATHLEEN NASTOR (hereinafter referred to as "Debtor"), and by her attorney of record, Curt F. Hennecke, hereby moves to compel Chapter 7 Trustee to abandon property of her bankruptcy estate listed in Schedule B of their petition. Specifically, Debtor moves this court for an order compelling the Chapter 7 Trustee to abandon any interest in the Debtor's business named "RADIANCE", and the physical assets associated thereto. This motion is based upon Bankruptcy Code Section 554(b), the Notice of Motion concurrently filed herein, this Memorandum of Points and Authorities, the Declaration of Trinette Kathleen Nastor,

Exhibits, and any oral or documentary evidence that may be presented at this hearing, as well as all pleadings and papers on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### SUMMARY OF FACTS

This Motion is based upon the following grounds:

1. Debtor filed the above-referenced Chapter 7 bankruptcy case on December 14, 2011, bearing the case number 11-48834.

2. Debtor is the sole proprietor of a business named "Radiance", which provides skin care and massage services. A true and correct copy of Schedule B of the Debtor's Voluntary Petition is filed concurrently herewith in the List of Exhibits as Exhibit "1" and incorporated herein by reference. Even though this business has no marketable value outside the Debtor's own efforts and the equipment needed to operate the business, this is the Debtor's main source of income to provide for the her needs.

3. This business is fully insured and the Debtor has a valid esthetician's license from the State of California.

4. Debtor asks that the following assets be abandoned: the business name, "Radiance", the business checking and savings accounts with Chase Bank with an approximate balance of $1,500.00, miscellaneous office furniture including 2 chairs, 1 display cabinet, 2 massage tables, linens, towels, computer, printer/fax machine, phone, credit card machine, 1 make-up station, a permanent cosmetic machine, skin and make up products, all of which have a value of approximately $6,000.00.

5. Said assets are fully exempt under various sections of the California Code of Civil Procedure. A true and correct copy of Schedule C of the Debtor's Voluntary Petition is filed concurrently herewith in the List of Exhibits as Exhibit "2" and incorporated herein by reference. The Debtor's business and related tools of trade have no value to the bankruptcy estate, but is burdensome to the Trustee and administration of the estate.

6. Nonetheless, Debtor needs to continue operations during the pendency of this Chapter 7 bankruptcy in order to provide support for herself and meet her monthly expenses. As the business and tools have no value to the bankruptcy estate, there is nothing for the Trustee to administer to unsecured creditors with regards to these assets.

## II.
## ARGUMENT

### A.

**BANKRUPTCY CODE SECTION 11 U.S.C. § 554(b) GRANTS THE POWER TO COMPEL THE CHAPTER 7 TRUSTEE TO ABANDON PROPERTY OF THE ESTATE**

Bankruptcy Code Section 11 U.S.C. Section 554(b) provides in pertinent part: "the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

As set forth above, the Debtor's skin care and masage business has no independent value other than the liquidation value of the tools, which are fully exempt herein. Accordingly, the property is of inconsequential value and benefit to Debtor's bankruptcy estate. It is a burden to the estate for the Trustee to operate this business during the pendency of this Chapter 7 bankruptcy. Debtor will be irreparably harmed if the Court does not grant this motion, as the Debtor is not being able to continue operation of his business and support herself during the pendency of this Chapter 7 bankruptcy.

**WHEREFORE,** the Debtor herein, TRINETTE KATHLEEN NASTOR, prays that this Court enter its Order to compel the chapter 7 Trustee to abandon property of the estate.

Dated: December 23, 2011                    RESPECTFULLY SUBMITTED
                                            **Hennecke Legal Group**

                                            /s/ Curt F. Hennecke
                                            Curt F. Hennecke
                                            Attorney for Debtor